IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| GLAMOURETTE/OG, INC., | : | Case No. 01-13025 (GAC) |
| | : | |
| Debtor | : | Chapter 7 |
| | : | |
| WIGBERTO LUGO MENDER,<br>Chapter 7 trustee, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 03-0189 |
| | : | |
| LUIS RIVERA SIACA,<br>ENERY P. ORTIZ JEMENEZ a/k/a<br>ENERY P. ORTIZ DE RIVERA a/k/a<br>ENERY P. ORTIZ RIVERA, and their<br>CONJUGAL PARTNERSHIP; X and Y, | : | |
| | : | |
| Defendants | : | |

DECISION AND ORDER

On November 26, 2001, the debtor filed a voluntary petition under Chapter 11.  On November 22, 2002, the debtor filed a motion to convert to Chapter 7 (dkt. #188).  On December 9, 2002, the U.S. Trustee filed a notice of appointment of Wigberto Lugo Mender as the interim trustee (dkt. #191).  On December 19, 2002, the Court entered an order granting the debtor's motion for conversion to Chapter 7.  The first meeting of creditors pursuant to 11 U.S.C. § 341 was held on February 5, 2003.  No trustee was elected at the meeting of creditors.

On December 15, 2003, the trustee filed this adversary complaint alleging that the defendants had received preferences

under 11 U.S.C. § 547 or fraudulent transfers under 11 U.S.C. § 548 and that the amounts received are subject to turnover pursuant to 11 U.S.C. § 542.   The defendants filed a motion to dismiss, alleging that the statute of limitations found in 11 U.S.C. § 546(a) had expired, barring relief under 11 U.S.C. §§ 547 and 548 and that the request for turnover under 11 U.S.C. § 542 is barred by the doctrine of laches (dkt. #16).   The trustee opposed the motion (dkt. #20) and the defendants filed a reply (dkt. #24).   The Court held a hearing on the matter.

DISCUSSION

The statute of limitations related to preference and fraudulent transfer actions, provides in relevant part that these actions may not be commenced after:

(1) the later of -

    (A) 2 years after the entry of the order for relief; or

    (B) 1 year after the appointment or election of the first trustee under section 702 . . . of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A).

11 U.S.C. § 546(a)(1).  As the defendants admit, the trustee had to file his complaint under Sections 547 and 548 within the later of two years after entry of the order for relief or within one year of his appointment as trustee.

As the order for relief was entered on November 26, 2001, the complaint, filed on December 15, 2003, was not filed within two

years after the entry of the order for relief. Thus, the proceeding hinges on when the trustee was appointed. The defendants claim that the trustee was appointed when the U.S. Trustee filed the notice of appointment on December 9, 2002. The trustee claims that he was officially appointed after the Court granted the motion for conversion on December 19, 2002 or when the first meeting of creditors was held on February 5, 2003.

<u>DISCUSSION</u>

The Court recognizes that there is a split of authority as to whether the trustee is appointed for purposes of the statute of limitations when he is appointed as the interim trustee or when he becomes the permanent trustee pursuant to 11 U.S.C. § 702(d), stating that "[i]f a trustee is not elected under this section [at the 341 meeting of creditors], then the interim trustee shall serve as trustee in the case." The defendants cite to decisions by the 9th Circuit Court of Appeals and the bankruptcy court in the District of Delaware for the proposition that the trustee is "appointed" when he is named as interim trustee. See <u>Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)</u>, 199 F.3d 1029 (9th Cir. 1999) and <u>Burtch v. Georgia-Pacific Corp. (In re Allied Digital Technologies Corp.)</u>, 300 B.R. 616 (Bankr. D.Del. 2003). Nonetheless, a leading bankruptcy treatise and two bankruptcy courts that have ruled on this matter in this circuit, conclude that the statute of limitations commences to run when the interim

3

trustee becomes the permanent trustee at the  first meeting of creditors, if no trustee is elected.  See 5 *Collier on Bankruptcy* ¶ 546.02[2]; <u>In re Crowe Rope Industries, LLC</u>, 311 B.R. 313 (Bankr. D.Me. 2004); <u>In re Art & Company, Inc.</u>, 179 B.R. 757 (Bankr. D.Mass. 1995).

> As explained in *Collier*:

> The limitations period under section 546(a)(1)(B) is one year "after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302" of the Bankruptcy Code. Subparagraph (B) refers only to appointment or election of a trustee under section 702 and not to section 701 [which provides for the appointment of the interim trustee]. Since section 546(a)(1)(B) refers to appointment or election, the later date of these two events should control.

5 *Collier on Bankruptcy* ¶ 546.02[2][a](footnotes omitted).

> In chapter 7 cases, the trustee is "appointed" when the permanent trustee, as opposed to the interim trustee, is appointed.  The interim trustee, who is appointed promptly after entry of the order for relief under section 701, automatically becomes the permanent trustee at the meeting of creditors pursuant to section 341 if creditors do not elect a trustee under section 702. Since trustee elections under section 702 are rare, the date of the section 341 meeting usually will be the date of appointment of the trustee for purposes of section 546(a)(1)(B).

<u>Id</u>. at [2][a][i](footnotes omitted).

> The Court in <u>Crow Rope</u>, likewise stated that:

> [T]he one year statute of limitations contained in § 546(a)(1)(B) commences upon "the apointment or election of the first trustee under section 702 . . ."  There is no need to look to § 701 for an appointment under § 546, because § 702 has its own appointment provision. . . .

> The appointment of the interim trustee as trustee under § 702(d) occurs by operation of law and becomes effective

4

> when there has been no election at the § 341 meeting.
> That the interim trustee who becomes the trustee under §
> 702 had previously been appointed interim trustee under
> § 701 is of no consequence under § 546(a)(1)(B).

Crow Rope, 311 B.R. at 315.

This Court finds this reasoning highly persuasive and hereby adopts it. Thus, this Court concludes that in Chapter 7 cases, the trustee is "appointed" for purposes of § 702 and § 546(a)(1)(B), at the time that a permanent, as opposed to interim trustee, is appointed. In the absence of an election of a trustee by creditors, the appointment of the permanent trustee takes place automatically at the meeting of creditors pursuant to section 341 of the Code. Thus, in the absence of an election, the limitations period commences from the date of the section 341 meeting.

In this case, the first meeting of creditors pursuant to 11 U.S.C. § 341 was held on February 5, 2003, at which time the creditors did not elect a trustee pursuant to 11 U.S.C. § 702, and the interim trustee became the permanent trustee pursuant to 11 U.S.C. § 702(d). The trustee was appointed for purposes of 11 U.S.C. § 546(a)(1)(B) on this date, and this occurred within two years of the entry of the order for relief on November 26, 2001. Because the trustee's appointment occurred within two years after entry of the order for relief, the trustee is entitled to the additional one year extension provided in 11 U.S.C. § 546(a)(1)(B). The trustee's action had to be filed within one year of his appointment on February 5, 2003 and it was filed on December 15,

5

2003. Thus, the Court concludes that the trustee's causes of action under 11 U.S.C. § 547 and § 548 were filed prior to the expiration of the statute of limitations. Accordingly, the defendants' motion to dismiss these causes of action will be denied.

The defendants also seek dismissal of the trustee's claim for turnover under 11 U.S.C. § 542 as being barred by laches. The primary basis for the claim of unreasonable delay is their contention that the causes of action under § 547 and § 548 were time barred. As argued by the defendants, the claim under § 542 is equitable in nature and must be commenced within a reasonable time. Likewise, the Court accepts that in analyzing whether there has ben unreasonable delay, the Court should consider whether the action was filed after the expiration of the statute of limitations for analogous claims. The defendants argue that if the plaintiff files a complaint within an analogous statutory period, the burden of proving unreasonable delay and prejudice falls on the defendant. The Court adopts this and concludes that the defendants have failed to prove unreasonable delay and prejudice, because the trustee's action was filed within the statute of limitations of 11 U.S.C. § 546(a) and the defendants fail to make any other allegations as to unreasonable delay. Accordingly, the defendants' request for dismissal of the trustee's claim under 11 U.S.C. § 542 will be denied.

6

ORDER

WHEREFORE IT IS ORDERED that the defendants' motion to dismiss (dkt. #16) shall be, and hereby is, DENIED.  The Clerk to schedule a pre-trial hearing.

SO ORDERED.

San Juan, Puerto Rico, this 13th day of January, 2006.


/s/ Gerardo A. Carlo

GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge